**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-6297**

_____

JERRY LEWIS ADAMS,

                              Plaintiff - Appellant,

        versus

RALPH DOBBINS,

                              Defendant - Appellee.

_____

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Samuel G. Wilson, Chief District Judge.  (CA-01-964)

_____

Submitted:  May 29, 2003              Decided:  June 4, 2003

_____

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Jerry Lewis Adams, Appellant Pro Se.  James Rutledge Henderson, IV, HENDERSON & FORSTER, Tazewell, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jerry Lewis Adams seeks to appeal the district court's order denying his motion to amend his 42 U.S.C. § 1983 (2000) complaint. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on January 10, 2003. The notice of appeal was filed on February 11, 2003.[*] Because Adams failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).